# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 12-mj-90069-KGS |
| JESUS H. DELEON, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter comes before the court upon Jesus H. Deleon's Motion to Compel (ECF No. 10). Mr. Deleon seeks to compel compliance with a subpoena *duces tecum* he served on an institution located on a military instillation where the events giving rise to the criminal charges occurred. Alternatively, or in addition to seeking compliance with the subpoena, Mr. Deleon contends the government has access to the documents he seeks, and he requests that the court require the government to produce these documents. Because Mr. Deleon has not shown the discovery he seeks is relevant and admissible and because his discovery requests are not sufficiently specific, the court will not require compliance with the subpoena. Additionally, there is no information before the court suggesting that the prosecutor assigned to this case actually possesses the discovery Mr. Deleon seeks or that the government is required to produce the discovery Mr. Deleon seeks. For these reasons, Mr. Deleon's motion to compel is denied.

**I.    Background**

This criminal action arises out of alleged events that occurred at Fort Riley, Kansas, a federal military installation within the exclusive jurisdiction of the United States. The government alleges that while Mr. Deleon and Cheryl L. Williams were working at Fort Riley's Child and Youth School Services (CYSS), Building 5810, they conspired and carried out the

offense of unlawfully disposing of government property without approval. The government contends that Mr. Deleon and Ms. Williams were observed on video footage loading food items from the kitchen onto a trash cart, disguising them as waste, and then either recovering the items for personal use or throwing the food items in a dumpster.[1] Mr. Deleon and Ms. Williams are charged with theft in violation of 18 U.S.C.§ 641 and conspiracy in violation of 18 U.S.C. § 371—both Class A misdemeanors.[2] These defendants' criminal cases have been consolidated for trial. Defense counsel for Mr. Deloen is also representing both Mr. Deleon and Ms. Williams in a parallel civil proceeding.

    Mr. Deleon served a subpoena on CYSS requesting the production of documents. When CYSS failed to respond to the subpoena, Mr. Deleon filed a motion to compel. At the request of the court, the government filed a response to the motion. Among other things, the government's response clarifies the relationship between the prosecutor and various federal governmental entities and argues that the prosecutor in this case is under no obligation to seek out and obtain the CYSS documents sought by the subpoena. Additionally, the government argues that Mr. Deleon is attempting to use discovery in this case to obtain documents for use in the civil proceeding. Mr. Deleon contends the documents he seeks are relevant to the criminal charges and his defenses. On September 18, 2012, the court held a hearing on this motion. The government further outlined its position with regard to the subpoena, and Mr. Deleon made additional arguments about why the information he seeks is relevant.

---

[1] Government's Mot. to Disqualify at 1-2, ECF No. 14.

[2] Am. Information, ECF No. 28.

## II.     Discussion

As an initial matter, Mr. Deleon's motion is moot as to a number of document requests contained in the subpoena. It appears the government has provided the photographs sought in Request Nos. 4 and 5. During the hearing, the government stated it had already provided all relevant training materials sought by Request No. 2. Request No. 10 seeks unedited surveillance video from a handful of dates in November and December of 2011, and during the hearing, the government stated that CYSS's security cameras record over video footage if that footage is not separately preserved. Therefore, unedited footage does not exist. As to the remainder of the subpoena—Requests 1, 3, 6, 7, 8, 11, and 12[3]—Mr. Deleon has not carried his burden to show he is entitled to this discovery.

To the extent Mr. Deleon seeks an order compelling CYSS to respond to the subpoena, that request is denied because Mr. Deleon has not met the standard for obtaining this type of subpoena. He has not shown the documents and items he seeks are relevant and admissible, and he has not shown the document requests are specific. To the extent Mr. Deleon seeks a court order requiring the government to produce these documents, that request is also denied because Mr. Deleon has not carried his burden to show the government is obligated to produce this information. The government says it has produced all of the documents and information it intends to use for its case-in-chief and all documents that it is constitutionally required to disclose; no party contends the documents and information Mr. Deleon seeks were obtained from him or belong to him; and these documents do not appear to be material to preparing the defense

---

[3] The subpoena is incorrectly numbered, omitting a "Request No. 9."

in this case. Finally, these documents do not appear to be in the government's possession, custody, or control. Both parties have devoted portions of their briefs to discussing whether the prosecutor in this case is able to obtain from CYSS the documents sought by the subpoena. The court recognizes the general principle that the government is not required to search the files of other federal governmental entities not closely aligned with the prosecution in an effort to obtain documents for the defendant that are only of speculative relevance.[4]

### A. Compliance with the Subpoena

Fed. R. Crim. P. 17(c) applies to subpoenas requesting the production of documents and objects. It provides, "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates."[5] However, "Rule 17(c) is 'not intended to provide an additional means of discovery,' but 'to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.'"[6]

Typically, the criminal defendant seeking discovery by way of subpoena makes a motion to the court *prior* to the issuance of the subpoena.[7] When a party seeks to require production prior to trial, the court must evaluate whether the party seeking discovery has met certain criteria,

---

[4] *See United States v. Jackson*, 850 F. Supp. 1481, 1502-03 (D. Kan. 1994) (discussing the government's obligations to obtain for the defendant *Brady* materials and stating that the items in question must bear more than abstract relationship to the issues in the case).

[5] Fed. R. Crim. P. 17(c)(1).

[6] *United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)); *see also* Fed. R. Crim. P. 17(c)(1) (contemplating production of documents in court before trial or before they are to be offered into evidence).

[7] *See, e.g., United States v. Wittig*, No. 03-40142-JAR, 2008 WL 2783542, at *1 (D. Kan. July 16, 2008); *United States v. O'Neal*, Nos. 01-40014-01 RDR, 01-40014-03-RDR, 2001 WL 1013306, at *9 (D. Kan. July 27, 2001).

as articulated by the Supreme Court in *United States v. Nixon*.[8] The party seeking discovery must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."[9]

Essentially, the party seeking discovery "must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity."[10] The specificity requirement "is the most difficult hurdle to overcome."[11] The court must guard against the use of Rule 17(c) subpoenas being used as a license for a fishing expedition.[12] Additionally, it is not enough that the requested material is potentially relevant or potentially admissible.[13] "There must be a 'sufficient likelihood' that the requested material is 'relevant to the offenses charged in the indictment,' and a 'sufficient preliminary showing that . . . [the requested material] contains evidence admissible with respect to the offense charged.'"[14]

---

[8] *Abdush-Shakur*, 465 F.3d at 467 (citing *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)).

[9] *Nixon*, 418 U.S. at 699-700.

[10] *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (quoting *Nixon*, 418 U.S. at 700)).

[11] *United States v. Wittig*, 250 F.R.D. 548, 552 (D. Kan. June 12, 2008)

[12] *Id.* (citing *Bowman*, 341 U.S. at 221).

[13] *Id.* at 552-53.

[14] *Id.* at 553(citing *United States v. Anderson*, 31 F. Supp. 2d 933, 944 (D. Kan. 1998).

Although Mr. Deleon's reply brief explains why he believes this discovery is relevant, he fails to explain or even address how this discovery is admissible or how the requests contained within the subpoena are sufficiently specific. For example, Mr. Deleon requests his personnel file and a supervisory file pertaining to him. But both the Tenth Circuit and this district have found that a request for an entire file is not sufficiently specific and tends to be evidence of an impermissible fishing expedition.[15] Other requests contain no temporal scope and encompass information not relevant to issues in this case. For example, Request No. 3 seeks, "All logs for expired food items disposed of at Ft. Riley CYSS facilities[.]"[16] Additional requests seek information about whether CYSS disciplined other employees for disposing of food without following procedure and about the communications between CYSS supervisory employees concerning the allegations against Mr. Deleon. These requests appear to be aimed at gathering information for the related civil arbitration proceeding—what CYSS's practices and procedures were, not whether Mr. Deleon committed the offenses with which he is charged. Because Mr. Deleon has not carried his burden to show relevancy, admissibility, and specificity, the court will not require CYSS to comply with his subpoena.

**B. The Government's Required Disclosures**

The government's duty to disclose is separate and distinct from a nonparty's responsibilities upon being served with a subpoena. Fed. R. Crim. P. 16(a) outlines information

---

[15] *Morris*, 287 F.3d at 991 (citing cases); *United States v. Reed*, No. 06-20068-01-CM, 2008 WL 4724437, at *2 (D. Kan. Oct. 24, 2008) ("Typically, personnel files contain a variety of documents and information which would clearly have no relevancy to any of the offenses charged . . . .").

[16] Subpoena for Prod. of Docs. and Photographs at 4, ECF No. 10-1.

in the government's possession that may be subject to disclosure. Fed. R. Crim. P. 16(a)(1)(E) applies to a defendant's requests for documents or objects. The section states,

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

The government also has an affirmative duty to disclose material exculpatory evidence[17] or evidence that would impeach the government's witnesses.[18] Criminal defendants, however, are not entitled to embark on a "broad or blind fishing expedition among documents possessed by the Government . . . ."[19]

Mr. Deleon makes no argument as to how the requested documents fit into any of these categories. The government has stated it has already produced to Mr. Deleon all of the documents and objects it intends to use for its case-in-chief and all other documents and information that the government is constitutionally required to disclose. No party contends the documents sought in the subpoena were items that were obtained from Mr. Deleon or belong to Mr. Deleon.

---

[17] *See Brady v. Maryland*, 373 U.S. 83 (1963).

[18] *See Giglio v. United States*, 405 U.S. 150 (1972).

[19] *Jencks v. United States*, 353 U.S. 657, 667 (1957).

Likewise, most of the documents sought would not appear material for preparing the defense of this case. Although the Rule 16 does not define "material," the Supreme Court has said that in the context of exculpatory evidence, material evidence must be "material either to guilt or punishment."[20] Here, most of the information sought pertains to other CYSS employees, food logs, and inventories. During the hearing, counsel for Mr. Deleon said that much of this information goes to the defense's theory that CYSS never had or never enforced a policy requiring that food be logged before being discarded or requiring that employees obtain supervisor approval before discarding food. The documents sought would not appear to establish CYSS's policy (or lack thereof) regarding food disposal, and the lack of enforcement of any policy—although perhaps relevant for the civil arbitration proceeding—would not bear upon whether Mr. Deleon committed the offenses for which he is charged.

Most importantly, "[i]t is well settled that there is no affirmative duty upon the government to take action to discover information which it does not possess."[21] The government must disclose information of which it has both knowledge and access, and in some cases, the government "may have a duty to search files maintained by other governmental agencies closely aligned with the prosecution when there is some reasonable prospect or notice of finding exculpatory evidence."[22] But the government does not have a general duty to obtain evidence

---

[20] *Brady*, 373 U.S. at 87.

[21] *United States v. Tierney*, 947 F.2d 854, 864 (8th Cir. 1991) (internal quotations omitted).

[22] *United States v. Padilla*, No. CR 09-3598 JB, 2011 WL 1103876, at *7 (D.N.M. Mar. 14, 2011) (citing *United States v. Bryan*, 868 F.2d 1032, 1037 (9th Cir.1989); *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C.Cir.1992)).

from nonparties.[23] Because the documents sought by the subpoena do not appear to be within the government's possession, custody, or control, and because these documents are not the type of documents the government would be required to disclose, the court will not require the government to obtain these documents from CYSS for production.

Accordingly,

**IT IS THEREFORE ORDERED** that the Jesus H. Deleon's Motion to Compel (ECF No. 10) is denied.

**IT IS SO ORDERED.**

Dated this 17th day of October, 2012, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge

---

[23] *See United States v. Combs*, 267 F.3d 1167, 1173 (10th Cir. 2001) (citing *United States v. Deutsch*, 475 F.2d 55, 57 (5th Cir.1973) (stating that under *Brady*, the prosecution has no duty to obtain documents from third parties but also noting that there is no indication in *Brady* that different arms of the federal government, when closely connected, are severable entities)).